Filed 11/12/25  P. v. Tignor CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE, | C101925 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR71728) |
| v. | |
| JAMES WILLIAM TIGNOR, | |
| Defendant and Appellant. | |

Defendant James William Tignor appeals from a postconviction order recalling his previous sentence and resentencing him pursuant to Penal Code[1] section 1172.75. Appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  Tignor has

_____

[1]  Undesignated section references are to the Penal Code.

1

filed a supplemental brief challenging the trial court's compliance with limits Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567) imposed on a trial judge's sentencing authority under section 1170, subdivision (b).[2] Having reviewed his argument, we disagree. However, our review has disclosed the trial court's failure to award updated custody credits at the resentencing hearing. We will remand the matter solely for this purpose and otherwise affirm.

BACKGROUND

In July 2007, the People filed an amended information charging Tignor with committing: forcible oral copulation (§ 288, subd. (c)(2); count I), sodomy by force (§ 286, subd. (c)(2); count II), forcible rape (§ 261, subd. (a)(2); counts III & IV), false imprisonment by violence (§ 236; count V), possession of a firearm by a felon (§ 12021, subd. (a)(1); count VI), assault with a deadly weapon (§ 245, subd. (a)(1); count VII), criminal threats (§ 422; count VIII), assault with a firearm (§ 245, subd. (a)(2); count IX), misdemeanor battery (§ 243, subd. (e)(1); counts X-XII), possession of ammunition by a felon (§ 12316, subd. (b)(1); count XIII), sexual penetration by a foreign object (§ 289, subd. (a)(1); count XIV), and evading an officer (Veh. Code, § 2800.1, subd. (a); count XV). The information also alleged Tignor personally used a firearm (§ 12022.53, subd. (b), 12022.5, subd. (a)) and used a deadly weapon in a sex offense (§ 12022.3, subd. (a)) as to counts I through IV. The information further alleged Tignor personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)) in the commission of count VII. Finally, the information alleged Tignor had suffered a prior prison term for evading officers in willful and wanton disregard for safety. (Veh. Code, § 2800.2, subd. (a).)

---

[2] Tignor's additional request to remove his appellate counsel was denied by order of this court on August 8, 2025. To the extent he argues his counsel was ineffective for not challenging the trial court's compliance with Senate Bill No. 567, this *Wende* review assures there are no arguable errors that could result in a disposition more favorable to him.

The trial court granted the People's motion to dismiss count XV for lack of evidence. Thereafter, a jury convicted Tignor on the remaining counts and found true the enhancement allegations associated with counts I through III and VII, but found the enhancement allegations associated with count IV were not true. Tignor admitted the prior prison term enhancement.

On August 16, 2007, the trial court sentenced Tignor to an aggregate prison term of 72 years four months. This sentence was composed of the upper term of eight years for counts I, II, III, IV, and XIV; 10 years for each of the section 12022.53 enhancements associated with counts I, II, and III, eight months for counts VI and XIII; plus one year for the prior prison term enhancement. The court imposed concurrent sentences of one year for each of counts X, XI, and XII. The court stayed the remaining enhancements associated with counts I, II, III, and VII, as well as the sentences for counts V, VII, VIII, and IX.

Thereafter, the Legislature amended section 667.5 "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.) The Legislature also created a recall and resentencing procedure for individuals serving prison sentences that include a section 667.5, subdivision (b) enhancement. (*People v. Kimble* (2024) 99 Cal.App.5th 746, 751, review granted Apr. 24, 2024, S284259, holding for the lead case.) Following a defendant's identification by the Department of Corrections and Rehabilitation (CDCR) as serving a sentence that includes a section 667.5, subdivision (b) prior prison term enhancement (§ 1172.75, subd. (b)), the sentencing court reviews the current judgment and verifies eligibility (*id*., subd. (c)). If eligible, the defendant is resentenced. (*Kimble*, at p. 751.)

Here, the record does not reflect whether defendant was identified by the CDCR as being eligible for resentencing pursuant to section 1172.75. However, the CDCR had a directory obligation under section 1172.75 to do so by July 1, 2022. (§ 1172.75, subd. (b)(2); *People v. Cota* (2025) 112 Cal.App.5th 1118, 1130-1131, review granted Oct. 1,

2025, S292637.) We presume the CDCR performed this duty. (Evid. Code, § 664 ["It is presumed that official duty has been regularly performed"].)

Subsequently, in July 2024, Tignor's appointed counsel asked the trial court for a full resentencing hearing by operation of section 1172.75. He argued that in addition to striking the prior prison term enhancement the trial court should: (1) sentence him to the midterm that was the statutory default without a jury trial on aggravating factors in light of changes brought about by Senate Bill No. 567; (2) exercise its discretion to strike or reduce the section 12022.53, subdivision (b) enhancements in the interests of justice; and (3) not penalize Tignor for exercising his jury trial right given that his previous sentence was excessive in comparison to the plea offer he had refused to take. Tignor submitted numerous exhibits in support of this request, including his original sentencing hearing transcript and documents reflecting his rehabilitative efforts.

The People conceded that Tignor was entitled to a full resentencing hearing but nonetheless asked the trial court to strike only the prior prison term enhancement and otherwise reimpose his previous sentence. The People's exhibit in opposition showed Tignor would be eligible for parole under his then current sentence in August 2027.

At the resentencing on August 14, 2024, Tignor argued the trial court could not impose more than the midterm and that Tignor's manner of using the firearm warranted the court dismissing or reducing those terms resulting in a proposed sentence of 31 years four months. The People countered: (1) the certified record of conviction offered at resentencing showed Tignor had been convicted of "a prior felony and his conduct is escalating" allowing the court to impose the upper term, (2) the firearm enhancements should not be reduced or dismissed as they facilitated the sexual crimes, and (3) because Tignor had previously been sentenced to upper terms, the trial court was allowed to reimpose those terms.

Thereafter, the trial court dismissed Tignor's prior prison term enhancement as legally invalid and reimposed the upper terms previously imposed given that Tignor had been on parole when he committed the offenses. However, the court struck for purposes of sentencing two of the three 10-year firearm enhancements in the interests of justice considering Tignor's rehabilitative efforts and that the court viewed the firearm use as a "single ongoing" event. Tignor's new aggregate sentence was 51 years four months comprised of the upper term of eight years on counts I, II, III, IV, and XIV plus eight months for counts VI and XIII. The court also imposed a consecutive term of 10 years for the section 12022.53, subdivision (b) enhancement on count III with the remaining enhancements stayed. The enhancements associated with counts I and II were stricken for purposes of sentencing. The court further imposed concurrent terms of one year for counts X, XI, and XII. The remaining counts had sentences imposed and stayed pursuant to section 654. Tignor timely appealed in August 2024. His *Delgadillo* brief was filed on July 9, 2025, and this case became fully briefed on July 23, 2025.

DISCUSSION

Tignor's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) Appellate counsel wrote to Tignor, explaining he would be filing a no-issue brief and advising Tignor of his right to file a supplemental brief, and that failure to file such a brief could result in dismissal of this appeal. Tignor has filed a supplemental brief.

In *People v. Wende* (1979) 25 Cal.3d 436, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

5

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded that it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.) The court prescribed procedures for such cases, including that, when a defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.) But the filing of a supplemental brief alone does not compel the court to independently review the entire record to identify unraised issues, although it may exercise its discretion to do so. (*Ibid*.)

*Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction proceeding under section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"].) Although this is not a proceeding under section 1172.6, the same principles may apply to the postconviction context here.

Tignor asserts that Senate Bill No. 567 mandated the imposition of a midterm sentence. However, the statute triggering Tignor's resentencing authorized the trial court to reimpose an upper term sentence previously imposed notwithstanding the legislative changes. (§ 1172.75, subd. (d)(4); *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458, 466-467.)

In *People v. Brannon-Thompson*, *supra*, 104 Cal.App.5th 455, this court held that section 1172.75, subdivision (d)(4) "carves out an exception to the general rule that all ameliorative changes to the law must be applied at a section 1172.75 resentencing and does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*Brannon-Thompson*, at p. 458.) This court stated the Legislature intended the amendments to apply "only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Id.* at pp. 466-467.)

6

Consistent with *Brannon-Thompson*, the trial court was allowed to reimpose Tignor's previously imposed upper terms at the section 1172.75 resentencing without the need to prove any aggravating factors under the stricter requirements of amended section 1170, subdivision (b).[3] Accordingly, this argument fails.

Nonetheless, in reviewing the record to evaluate Tignor's argument, we discovered the trial court's failure to award updated custody credits at the resentencing hearing. Where there is a "modification of a felony sentence during the term of imprisonment, the trial court must calculate the actual time the defendant has already served and credit that time against the 'subsequent sentence.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23, italics omitted, quoting § 2900.1.) The court explained that " '[w]here a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts.' " (*Buckhalter*, at p. 33, italics omitted, quoting § 2900.1.) We will remand the matter solely to correct the trial court's failure to calculate and award updated custody credits in accordance with this rule.

---

[3] We recognize that this issue is currently under review by the California Supreme Court in *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903, but adhere to the propriety of the *Brannon-Thompson* analysis. (See *People v. Mathis* (2025) 111 Cal.App.5th 359, 371-374 [following *Brannon-Thompson*], review granted Aug. 13, 2025, S291628.)

## DISPOSITION

The matter is remanded for calculation and award of updated custody credits through Tignor's resentencing hearing on August 14, 2024.  The trial court shall prepare an amended abstract of judgment reflecting the updated custody credits and forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


_____

BOULWARE EURIE, J.


We concur:


_____

DUARTE, Acting P. J.


_____

FEINBERG, J.